BARNEBEY *v.* ZSCHACH ET AL.

[Cite as *Barnebey v. Zschach* (1995), 71 Ohio St.3d 588.]

(No. 94–2615—Submitted January 10, 1995—Decided March 8, 1995.)

*Wristen & Ucker Co., L.P.A.,* and *Ellen L. Wristen,* for petitioner.

*Squire, Sanders & Dempsey, David J. Young* and *Scott L. Marrah; Stebelton, Aranda & Snider* and *James C. Aranda,* for respondent Zschach.

*Per Curiam.* A writ of habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate legal remedy present. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. Habeas corpus relief is the exception rather than the general rule in child custody actions. *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 145, 637 N.E.2d 890, 894. In order to withstand dismissal, a petitioner in a habeas corpus action must plead operative facts with particularity and cannot rely on unsupported conclusions. See *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 668, 590 N.E.2d 744, 746, fn.

1, citing *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584, and *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753.

Parental consent to an adoption is a jurisdictional prerequisite which, if absent, allows the order to be attacked as void in a habeas corpus proceeding. *McGinty v. Jewish Children's Bur.* (1989), 46 Ohio St.3d 159, 161, 545 N.E.2d 1272, 1274. However, in *McGinty,* this court affirmed a court of appeals' denial of habeas corpus relief for the reasons, *inter alia,* that the petitioner had availed herself of a complete remedy by bringing an action in the court of common pleas to revoke her consent, and that there was a final appellate determination that she had validly consented to the adoption.

In *Marich v. Knox Cty. Dept. of Human Serv.* (1989), 45 Ohio St.3d 163, 543 N.E.2d 776, we emphasized that an appeal would not be an adequate remedy barring habeas corpus where the natural mother had already informally requested vacation of her consent to a permanent surrender agreement and the request had been denied. Conversely, in the case at bar, petitioner has already won on appeal and on reconsideration. The probate court possesses jurisdiction to order the resolution of the custody issue during the pendency of the adoption proceeding. (See R.C. 3107.14[D], which provides that if the adoption consent requirements have not been satisfied or the probate court vacates an interlocutory order of adoption, the probate court shall dismiss the petition and may determine the agency or person to have temporary or permanent custody of the person or, if the person is a minor, may certify the case to the juvenile court.)

Petitioner thus possesses an alternative remedy to this extraordinary writ by proceeding by motion in the probate court. Unlike *Marich, supra,* this motion would not necessarily be either futile or time-consuming. The presence of this adequate legal remedy bars the issuance of a writ of habeas corpus. Accordingly, the motion is granted and the cause is dismissed.

*Cause dismissed.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., dissents.