**[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 128.]**

HOLLOWAY, APPELLANT, *v*. CLERMONT COUNTY DEPARTMENT OF HUMAN
SERVICES ET AL., APPELLEES.

[Cite as *Holloway v. Clermont Cty. Dept. of Human Serv.*, 1997-Ohio-131.]

*Custody—Juvenile law—Writ of habeas corpus denied in child custody matter,
when.*

(No. 97-191—Submitted August 26, 1997—Decided October 22, 1997.)

APPEAL from the Court of Appeals for Clermont County, No. CA96-06-052.

_____

{¶ 1} Appellant, Sammye Holloway ("Holloway"), is the biological mother
of the minor children, T.J. and John. According to her husband, Albert, in 1988,
when they lived in Tulsa, Oklahoma, he left to look for work early one morning
and when he returned late that night, Holloway had abandoned him and the
children. Albert subsequently traveled across the country with the children and
eventually settled in Clermont County, Ohio.

{¶ 2} In November 1990, appellee, Clermont County Department of Human
Services ("CCDHS"), filed a complaint in the Clermont County Court of Common
Pleas, Juvenile Division, alleging that the children were dependent and requesting
temporary custody. The juvenile court determined that the children were living in
an unhealthy and unsanitary environment and placed them in the temporary custody
of CCDHS. In January 1991, the juvenile court ordered that the original complaint
filed by CCDHS be amended to include a request for permanent custody of the
children. After CCDHS's attempt to serve Holloway with a copy of the amended
complaint by certified mail failed, it attempted service on her by publication. In
February 1992, the juvenile court adjudicated the children dependent and continued
the agency's temporary custody of the children.

{¶ 3} After a placement of the children with relatives in the state of Washington failed, CCDHS filed a motion for permanent custody in September 1992. CCDHS attempted to serve Holloway notice of the motion by publication. Following a hearing on the motion, the juvenile court referee recommended that the court grant permanent custody of the children to CCDHS. Shortly thereafter, the state of Washington informed Holloway that her children had been previously placed in the state and that they were now in the custody of CCDHS. Holloway then contacted a CCDHS employee. In 1993, the juvenile court overruled the father's objections to the referee's report and granted permanent custody of the children to CCDHS. In 1994, the children were adopted by the family they had been placed with since May 1992.

{¶ 4} In February 1995, Holloway filed a motion in the juvenile court to review the permanent custody case and reverse its previous judgment granting permanent custody of her children to the agency. Holloway claimed that she had not abandoned the children and that she had been searching for them ever since her husband had stolen them from her in Tulsa. The juvenile court overruled Holloway's motion. In May 1996, however, the Court of Appeals for Clermont County reversed the juvenile court's ruling because service by publication on Holloway was defective in that it did not contain her last known address. The court of appeals ordered that "[u]pon remand, the trial court is directed to set aside its previous order granting permanent custody of the children to CCDHS and to obtain proper service of process upon appellant [*i.e.*, Holloway] before conducting a hearing on the merits."

{¶ 5} Eleven days following the court of appeals' judgment, Holloway filed a motion in juvenile court requesting immediate reunification with her minor children. In June 1996, at a pretrial conference on the motion, the juvenile court did not grant Holloway's request for immediate reunification, and CCDHS stated its intention to serve Holloway with a new complaint seeking permanent custody

2

of the children. On the same date as the pretrial conference, Holloway filed a petition in the court of appeals for a writ of habeas corpus to restore to her the custody of the minor children. Following the submission of evidence and briefs, the court of appeals denied the writ. The court of appeals stated:

"This is a difficult case to which there can never be a resolution satisfactory to all involved. Nevertheless, the focus should remain on the best interest of the children. The children's best interest would not be favorably served by granting the subject petition for habeas corpus and directing that the children be immediately returned to the petitioner. Whether the children are being held illegally is unclear. Petitioner has an adequate remedy at law pursuant to the remand * * *."

{¶ 6} The cause is now before this court upon an appeal as of right.

_____

*Anita M. Bechmann*, for appellant.

*Donald W. White*, Clermont County Prosecuting Attorney, and *David H. Hoffmann*, Assistant Prosecuting Attorney, for appellee Clermont County Department of Human Services.

_____

***Per Curiam.***

{¶ 7} Holloway asserts in her propositions of law that the court of appeals erred in denying her writ of habeas corpus. A writ of habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law. *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 144, 637 N.E.2d 890, 893. Habeas corpus relief is the exception rather than the general rule in child custody actions. *Barnebey v. Zschach* (1995), 71 Ohio St.3d 588, 588-589, 646 N.E.2d 162, 163. In order to prevail on a petition for a writ of habeas corpus in a child custody case, the petitioner must establish that (1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to

custody of the child. *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 102, 666 N.E.2d 1091, 1095, citing 2 Child Custody and Visitation Law and Practice (1992) 7-7, Section 7.02[1].

{¶ 8} Holloway claims that the juvenile court lacked jurisdiction to continue the November 1990 order granting CCDHS temporary custody of the children because more than one year had passed since that order. See R.C. 2151.353(F) ("Any temporary custody order issued pursuant to division [A] of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 of the Revised Code, the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section."). While CCDHS's petition was amended to include a request for permanent custody within the expiration of the one-year period specified in R.C. 2151.353(F), CCDHS did not file any "motion pursuant to [R.C.] 2151.415" within that period.

{¶ 9} Nevertheless, as Holloway concedes, she is not entitled to immediate custody of the children because of the sunset provision contained in R.C. 2151.353(F). In other words, the "passing of the sunset date pursuant to R.C. 2151.353(F) does not divest juvenile courts of jurisdiction to enter dispositional orders." *In re Young Children* (1996), 76 Ohio St.3d 632, 637, 669 N.E.2d 1140, 1144.

{¶ 10} Holloway instead asserts that she is entitled to immediate custody because "respondents have not attempted to obtain service and file a new complaint against petitioner, and the conditions that supported the issuance of the original order are no longer in existence." *Id.*, 76 Ohio St.3d at 638, 669 N.E.2d at 1144 ("[W]hen the sunset date has passed without a filing pursuant to R.C. 2151.415 and the problems that led to the original grant of temporary custody have not been resolved or sufficiently mitigated, courts have the discretion to make a dispositional

order in the best interests of the child. Where the original problems have been resolved or sufficiently mitigated, courts may not make further dispositional orders based on the original complaint.").

{¶ 11} Holloway's assertion is meritless. First, there was evidence in the record which indicated that an immediate return of custody of the children to Holloway would not be in the children's best interest. See *Pegan,* 76 Ohio St.3d at 102, 666 N.E.2d at 1096, quoting 1 Antieau, The Practice of Extraordinary Remedies (1987) 113, Section 1.50 (" 'Whenever child custody is litigated in a habeas corpus action, the best interest of the child is the prime consideration.' "). At the permanent custody hearing before the juvenile court, Holloway's husband testified that she had abandoned him and the children. An April 19, 1994 administrative review summary indicated that the children had adjusted well with the foster care family, which subsequently sought to adopt them.

{¶ 12} In addition, as the court of appeals correctly determined, Holloway was not entitled to the requested extraordinary relief in habeas corpus because she possessed an adequate legal remedy in the ordinary course of law through being served with a copy of the amended complaint for permanent custody in the proceedings in the juvenile court on remand from the court of appeals' earlier reversal of the permanent custody order. At the June 1996 pretrial conference on Holloway's motion to begin reunification, CCDHS noted that it intended to serve her with a complaint seeking permanent custody. As CCDHS stated in its brief in the court of appeals, the only reason why it has not yet served Holloway with a copy of the complaint is that before the initial court of appeals judgment reversing the order of permanent custody became final, Holloway filed the reunification motion, and on the date that the juvenile court overruled the motion, she filed her habeas corpus petition and the juvenile court proceedings were stayed. There is nothing to indicate that CCDHS will not promptly serve such complaint following the completion of this action or that Holloway's participation in the juvenile court

proceedings will be either futile or time-consuming. Therefore, the presence of this adequate legal remedy precludes habeas corpus relief. *Barnebey*, 71 Ohio St.3d at 589, 646 N.E.2d at 163 (habeas corpus petition subject to dismissal since biological mother possessed adequate legal remedy via motion in probate court during pendency of adoption proceedings following judgment reversing adoption decree on basis that conditional consent to adoption was invalid).

{¶ 13} Finally, Holloway was not entitled to habeas corpus relief because the petition she filed in the court of appeals did not comply with the pleading requirements of R.C. 2725.04. See, *e.g., Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 653 N.E.2d 659, and *Lemley v. Kaiser* (1983), 6 Ohio St.3d 258, 6 OBR 324, 452 N.E.2d 1304, applying R.C. 2725.04 to child custody habeas corpus actions. Holloway's petition was not verified and also did not contain a copy of either the order granting custody of the children to the agency or the judgment of the court of appeals reversing the permanent custody order. See *Messer v. McAninch* (1997), 77 Ohio St.3d 1511, 673 N.E.2d 1383 (habeas corpus petition dismissed for failure to verify petition in accordance with R.C. 2725.04); *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11 (affirming dismissal of habeas corpus petition because petitioner failed to attach copy of trial court's sentencing order, in violation of R.C. 2725.04[D]); 2 Carr & Young, Anderson's Ohio Family Law (2 Ed.1989) 80, Section 9.8 ("If a petitioner asserts that his or her entitlement to custody is based on a lawful court order, * * * [R.C.] 2725.04 require[s] attachment of a certified copy of the order to the petition.").

{¶ 14} Based on the foregoing, the court of appeals properly denied the writ. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————