OPINION AND JUDGMENT ENTRY
This matter is before this court on a petition for a writ of habeas corpus filed by petitioner, James Francis Mathis, acting pro se, in which petitioner alleges he is being wrongfully "imprisoned and restrained of [his] liberty at the Lucas County Jail ***."
The facts, as alleged in the petition, indicate that on December 30, 1996, petitioner was convicted of an unspecified crime and sentenced to eleven months of imprisonment. Petitioner was released from prison on November 27, 1997, but remained subject to post-release control. Petitioner states that after his release he was "committed" to the Volunteers of America, to "serve 90 days; no more than the 5 1/2 months that the Parole Authority still had the jurisdiction over me." The facts further state that subsequently, petitioner "served over a year" until he was released on December 7, 1998.
On June 30, 1999, petitioner received notice that a hearing was to be held to determine whether or not he had violated a condition of his post-release control by testing "positive for cocaine" on four separate occasions in June 1999. Petitioner was ordered held in the Lucas County jail pending the outcome of that hearing, which was scheduled to take place on July 15, 1999. On July 8, 1999, petitioner petitioned this court for a writ of habeas corpus, in which he alleges that the Ohio Adult Parole Authority ("APA") "has exhausted its ability to confine me; therefore, this restraint is illegal."
Pursuant to R.C. 2967.28(C) and (D), a person convicted of a third, fourth or fifth degree felony may be subjected to post-release control for a period of up to three years after his release from prison. During the release period, a post-release control violator may be subjected to a variety of sanctions administered by the APA, including an increase in the period of post-release control, placement in a county jail for up to six months, placement in a halfway house, alternative residential placement, and a new prison term of up to half the stated prison term not exceeding nine months. R.C. 2967.14(A); R.C. 2967.28
(F)(3). If a prison term sanction is imposed, the period of post-release control remaining is tolled during the time the releasee is imprisoned. R.C. 2967.28(F)(3). The period is not tolled when other sanctions, including incarceration in the county jail, are imposed.
In Woods v. Telb (June 23, 1999), Lucas App. No. L-99-1083, this court found that R.C. 2967.28 vests the APA with the power to imprison a post-release conviction violator "well beyond the completion of the sentence given by the trial court." Accordingly, we held that R.C. 2967.28 is unconstitutional to the extent that it delegates to the APA "functions which were not contemplated by the trial court's sentence, [and thereby] denies an offender of his due process rights." Id.
Petitioner asserts in his petition that he is entitled to a writ of habeas corpus in this instance based on our decision in Woods, supra. However, petitioner must first meet the requirements for obtaining such extraordinary relief.
R.C. 2725.04 states, in relevant part:
 "Application for the writ of habeas corpus shall be by petition, signed and verified *** by the party for whose relief it is intended, ***:
"***
 "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
Pursuant to R.C. 2725.05:
 "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of informality or defect in the process judgment, or order."
It is well-settled that "[i]n order to withstand dismissal, a petitioner in a habeas corpus action must plead operative facts with particularity and cannot rely on unsupported conclusions." Barnebey v. Zschach (1995), 71 Ohio St.3d 588, citing Hammond v. Dallman (1992), 63 Ohio St.3d 666, 668. More specifically, the Supreme Court of Ohio has held that a petition for a writ of habeas corpus must be dismissed if the petitioner does not provide the commitment papers necessary for a complete understanding of the petition because, without such papers, the petition is "fatally defective." Bloss v. Rogers (1992), 65 Ohio St.3d 145. The Supreme Court further stated that:
 "When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." Id.
The only documentation attached to the petition is a copy of a notice from the APA stating that petitioner's "release violation hearing" was scheduled for July 15, 1999. Petitioner has not stated for this court the specific circumstances of his original conviction and sentence or provided any documentation of the alleged violations and terms of imprisonment which occurred after his original sentence was served, or alleged that he is unable to obtain such documentation. Without specific facts and proper documentation to support petitioner's claims, it is impossible for this court to determine whether he is entitled to the relief requested. In addition we note that, although the petition is signed by petitioner, it is not verified by affidavit as required by R.C. 2725.04, and it does not contain a proper caption setting forth the name of the party or parties to be served with notice of this action.
Petitioner has not adequately complied with the requirements set forth in R.C. 2725.04(D) for a petition of habeas corpus. The petition is hereby dismissed. Costs are taxed against petitioner.
PETITION DISMISSED.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.