THE STATE EX REL. BRUGGEMAN, APPELLANT, *v.* COURT OF COMMON PLEAS OF AUGLAIZE COUNTY ET AL., APPELLEES.

[Cite as *State ex rel. Bruggeman v. Auglaize Cty. Court of Common Pleas* (1999), 87 Ohio St.3d 257.]

(No. 99–956—Submitted November 3, 1999—Decided December 1, 1999.)

*Christopher R. Bruggeman*, pro se.

*Edwin A. Pierce*, Auglaize County Prosecuting Attorney, for appellees.

*Per Curiam.* Bruggeman asserts that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Bruggeman's assertion is meritless.

In order to prevail on a petition for a writ of habeas corpus in a child custody case, the petitioner must establish that (1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to custody of the child. *Holloway v. Clermont Cty. Dept. of Human Serv.* (1997), 80 Ohio St.3d 128, 130, 684 N.E.2d 1217, 1219.

Here, Bruggeman did not allege any superior legal right to custody of the child. Further, from his own petition, it is evident that an award of custody to Bruggeman, an incarcerated, convicted child abuser, would not be in the best interests of his child. *Id.,* 80 Ohio St.3d at 131, 684 N.E.2d at 1219–1220; see,

also, *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 102, 666 N.E.2d 1091, 1095–1096.

In addition, Bruggeman did not name his former wife, who has custody of their child, as a respondent in his habeas corpus petition. See R.C. 2725.04(A) and (B).

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.