IN HABEAS CORPUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION DECISION
Petitioner, Rebekah Rammage, has brought this original action in habeas corpus seeking a writ ordering respondent John Saros, Executive Director of Franklin County Children Services Agency ("FCCS"), to give petitioner immediate custody of her minor child, Sheldon Rammage.
Pursuant to Civ.R. 53(C) and Loc.R. 12, Section (M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that this court deny petitioner's request for a writ of habeas corpus. (Magistrate's Decision, appendix A.) Petitioner's has filed objections to the magistrate's decision. For the reasons set forth below, petitioner's objections will be overruled.
Petitioner's petition in habeas corpus alleged the following facts. Pursuant to a dependency complaint filed in Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, alleging that Sheldon Rammage was a dependent child pursuant to R.C. 2151.04(C), temporary custody was granted to FCCS. Appointed counsel for petitioner filed a motion to dismiss the dependency complaint on various grounds. The motion first alleged that juvenile court lacked jurisdiction over Sheldon; that the complaint failed to state sufficient facts to support a finding of dependency as a matter of law; and that R.C. 2151.04(C) is constitutionally infirm, because it is vague, overbroad, and violates petitioner's fundamental rights under the Ohio and United States Constitutions.
The magistrate's decision, accepting as accurate the factual allegations of petitioner's habeas corpus petition, found that habeas was not an available remedy for petitioner. The magistrate noted that the writ of habeas corpus will lie only in extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of the law. Holloway v. Clermont Cty. Dept. of Human Serv. (1997), 80 Ohio St.3d 128. The magistrate further noted that habeas corpus relief is the exception rather than the rule in child custody cases, citing Barnebey v. Zschach (1995),71 Ohio St.3d 588. Finally, the magistrate noted that in those instances where habeas corpus relief has been rendered in a child custody case, courts have generally done so only in instances where the custody judgment was void ab initio due to a lack of jurisdiction. Gaskins v. Shiplevy (1995), 74 Ohio St.3d 149.
In addition, the magistrate noted that petitioner's petition did not comply with R.C. 2725.04 requiring a verified petition and a verified copy of the order granting custody to the agency accompanying the petition. The magistrate found no such verified copy of the lower court order in the present record.
Petitioner has raised three objections to the magistrate's decision. Petitioner's first objection asserts that a certified copy of the lower court judgment was, in fact, attached to the petition. Petitioner asserts that an original certified copy of the lower court order was, in fact, attached to the original petition and that it is only the copies of the petition and exhibits attached thereto which do not contain such a certified order. Unfortunately, examination of the record in the case does not reveal such a certified copy of the lower court order in any of the petition copies filed by petitioner. Nonetheless, taking in good faith counsel's assertion that such a certified copy was filed with at least one of the filed copies of the petition, and based upon counsel's extensive history of sound litgational practices before this court, we will take in good faith, for purposes of reaching the merits, counsel's assertion in this regard and will not rely on this aspect of the magistrate's decision in rendering our judgment.
Unfortunately, petitioner's second and third objections to the magistrate's decision merely restate the arguments raised before the magistrate, and do not raise grounds which would prevent us from adopting the magistrate's decision as our own. Petitioner reargues that the trial court did not have jurisdiction, based on the unconstitutionality of R.C. 2151.04(C) as applied to petitioner, and that the sufficiency of the dependency complaint in juvenile court was factually inadequate. The magistrate clearly and comprehensively addressed these arguments in her decision, and we will not unnecessarily repeat those arguments herein. Petitioner's objections to the magistrate's decision are therefore overruled.
Following independent review pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law thereto. As previously indicated, petitioner's objections to the decision of the magistrate are overruled. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, with the exception noted above. In accordance with the decision of the magistrate, petitioner's request for a writ of habeas corpus is denied.
Objections overruled;
petition for writ of habeas corpus denied.
PETREE and LAZARUS, JJ., concur.
 IN HABEAS CORPUS ON SUA SPONTE MOTION TO DISMISS
This original action in habeas corpus was brought by Rebekah Rammage, who seeks a writ ordering respondent, the director of Franklin County Children Services ("FCCS"), to give her immediate custody of the minor child, Sheldon Rammage. Pursuant to Civ.R. 12(B), the magistrate concludes that petitioner has not stated a claim on which relief may be granted in habeas corpus and recommends that the court sua sponte dismiss this action.
Facts According to the Petition:
1. Rebekah Rammage, petitioner, gave birth to Sheldon Rammage on November 23, 2001, according to the petition filed in this court.
2. On November 25, 2001, according to Exhibit A of the petition, Rammage and the baby's biological father signed an agreement granting temporary custody of the baby to FCCS for thirty days. According to the exhibit, Rammage's husband, the legal father of the baby, is incarcerated in West Virginia.
3. According to Exhibit A to the petition, Sheldon's older siblings were placed in foster care, at which time sexual abuse issues were indicated. According to the exhibit, the agreement granting temporary custody of the baby to respondent FCCS included an agreement by Rammage that she would complete classes regarding sexual abuse.
4. On December 10, 2001, FCCS filed an action in the juvenile court of Franklin County, Case No. 01JU-13546, requesting that temporary custody be awarded to FCCS. FCCS averred that Rammage had not completed the classes as she agreed, and FCCS made other averments regarding Rammage's circumstances. FCCS further stated that it was in the process of obtaining permanent custody/guardianship of the older siblings.
5. On December 27, 2001, Rammage filed a motion to dismiss the FCCS complaint, setting forth two grounds for dismissal: (1) that the complaint failed to allege facts on which relief could be granted; and (2) that R.C. 2151.04, the statute under which FCCS sought an award of temporary custody of Sheldon, is unconstitutional because, inter alia, it is vague and overbroad, and violates petitioner's right to due process and equal protection of the law.
6. Rammage avers that a hearing was held and that temporary custody was granted to FCCS pending trial, thus denying her motion to dismiss:
 8. At hearing on January 4, 2002, the Court overruled Petitioner in an entry filed _____ Not Filed Yet _____ [copy attached hereto as Exhibit "D"] and issued a temporary custody order to Franklin County Children Services [Copy attached hereto as Exhibit "E"].
 9. The entry filed _____ Not Filed Yet _____ [Exhibit "D"] and temporary custody order [Exhibit "E"] are void * * *.
7. Petitioner has attached four exhibits to the petition. The first three exhibits are: a page from the FCCS complaint filed in December 2001 (Exhibit A); a copy of Rammage's motion to dismiss filed in juvenile court in December 2001 (Exhibit B); and a copy of Rammage's proposed findings and conclusions submitted to the juvenile court with her motion (Exhibit C).
8. Next is a page with these words on it:
Exhibit "D"
Has not been Filed Yet
9. The last exhibit, Exhibit E, is a copy of a magistrate's order filed on January 4, 2002, in case no. 01JU-13546, In the Matter of Sheldon Rammage. The magistrate's order states that the issues before the court are abuse, neglect, and dependency of the child. The magistrate concluded, inter alia, that placement of the child in his home was contrary to his welfare and best interests. The magistrate made findings regarding services that were provided to the family but did not prevent the need for FCCS to take custody. The order grants temporary custody of the child to FCCS with visitation by the parents. The order states that a psychological evaluation of the mother (petitioner herein) shall be obtained prior to trial, scheduled for March 5, 2002.
10. On February 26, 2002, petitioner filed the present action in habeas corpus, averring, inter alia, that she has the superior legal right to custody of the child.
Conclusions of Law:
In this original action, Rammage contends that this court of appeals should grant a writ of habeas corpus to provide her with immediate custody of her child Sheldon. She does not seek immediate custody of her other two children. Under Civ.R. 12(B), the magistrate accepts the factual allegations of her petition. However, even when construing the factual allegations as if proven, the magistrate finds that petitioner has not stated a claim upon which relief in habeas corpus may be granted.
R.C. 2151.04 provides the following definitions:
 As used in this chapter, "dependent child" means any child:
 (A) Who is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian;
 (B) Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;
 (C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship;
(D) To whom both of the following apply:
 (1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 (2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household.
A writ of habeas corpus lies in extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law. Holloway v. Clermont County Dept. of Human Svcs. (1997), 80 Ohio St.3d 128; Howard v. Catholic Social Svcs. of Cuyahoga Co., Inc. (1994), 70 Ohio St.3d 141, 144. Habeas corpus relief is the exception rather than the rule in child custody actions. Barnebey v. Zschach (1995), 71 Ohio St.3d 588; Holloway, supra.
To obtain a writ of habeas corpus in a child custody case, the petitioner must establish that the respondent unlawfully has custody of the child, that the petitioner has the superior legal right to custody of the child, and that petitioner has no adequate remedy at law. Holloway, supra; Pegan v. Crawmer (1996), 76 Ohio St.3d 97,102. However, when the custody judgment is void due to lack of the court's jurisdiction, habeas corpus relief is appropriate despite the availability of remedies such as appeal. E.g., Gaskins v. Shiplevy (1995), 74 Ohio St.3d 149, 151. In addition, R.C. 2725.04 imposes requirements for pleading in habeas corpus. The petition must be verified, and a verified copy of the order granting custody to the agency must accompany the pleading. A court may dismiss the complaint for failure to include a verified copy of the order granting custody. E.g., Holloway, supra.
First, the magistrate notes that the copy of the order attached to the complaint is not certified or otherwise verified. Although petitioner signed a verification of the allegations in her petition, there is no verification of the order. Accordingly, under Holloway, supra, this court may dismiss the petition for failure to comply with the pleading requirements. However, in the alternative, the magistrate concludes that petitioner has not stated a claim on which relief in habeas corpus may be granted.
In the present action, Rammage presents two bases for a writ of habeas corpus. First, she argues that the juvenile court should have granted dismissal of the FCCS complaint because FCCS did not state adequate facts to support its claim. This argument, however, attacks the sufficiency of the complaint rather than challenging the jurisdiction of the juvenile court. Therefore, Rammage must show that she lacks an adequate remedy at law in order for this court to grant a writ.
A review of the applicable law, however, demonstrates that petitioner has several adequate remedies in the ordinary course of law. Under Civ.R. 53, petitioner may ask the judge to review the magistrate's interlocutory orders. Further, the petition indicates that a hearing was scheduled to take place on the issue, providing petitioner the opportunity to raise the issues she presents here. In addition, petitioner has the right to appeal to this court from the juvenile court's final order if it should be adverse. Although Rammage may argue that appellate relief would not provide a sufficiently speedy remedy, the magistrate notes that petitioner has sought no expedited consideration in this action for habeas corpus relief. In sum, an extraordinary writ is not warranted on the basis of insufficiency of FCCS's complaint because petitioner has an adequate remedy at law.
Second, Rammage argues that R.C. 2151.04 is unconstitutional and therefore cannot support jurisdiction of the common pleas court. However, on this issue, the magistrate concludes that the petition in habeas corpus does not allege sufficient facts to state a claim on which relief may be granted. Specifically, the magistrate concludes that, although petitioner states many legal principles, she fails to articulate factual allegations that, accepted as true under Civ.R. 12, would support the issuance of a writ. In part, the petitioner misinterprets the applicable law, but, to the extent that she correctly states the law, she does not set forth factual allegations that would support the granting of the requested writ.
For example, petitioner alleges at paragraph 6 of the petition that "it is axiomatic" under the state and federal constitutions "that the substantially important fundamental right of a parent including Petitioner to raise his/her children is paramount to any other right." (Emphasis added.) Petitioner's statement suggests an absolute right of the parents, but the magistrate find no authority to support that proposition. In Troxel v. Granville (2000), 120 S.Ct. 2054, 2061, the United States Supreme Court stated that there is normally no reason for the state to inject itself into the private realm as long as the parent adequately cares for his or her children. However, the language of R.C.2151.04 is consistent with the standard articulated in Troxel, in that R.C. 2151.04 permits the state to intervene only when parents are not adequately caring for their children.
Petitioner also asserts that a vague or overbroad statute can infringe upon freedom of speech, freedom of religion, and other freedoms, and the magistrate acknowledges that this constitutional principle is well established. However, beyond reciting the legal theory, the petition does not allege sufficient facts to show how, in applying R.C. 2151.04, the juvenile court infringed upon a parenting activity or a parenting choice that was within petitioner's protected freedoms and/or privacies as the child's parent.
Petitioner does not allege, identify, or describe any action or choice she made that was an exercise of her constitutional freedoms but that the juvenile court found to constitute abuse, neglect or a danger to her child. In other words, petitioner fails to allege any example or type of protected conduct in which she engaged and which the trial court restricted or penalized under R.C. 2151.04, thus infringing upon or chilling her exercise of a constitutional freedom. In short, the petition in habeas corpus does not allege facts that, if proven, would support a finding that the statute is unconstitutional on its face or as applied. Accordingly, petitioner has not demonstrated a lack of jurisdiction that would excuse her from demonstrating that she has no adequate remedy at law. The presence of adequate legal remedies, as described above, precludes extraordinary relief.
Because petitioner has not stated a claim upon which relief in habeas corpus may be granted at this time, the magistrate recommends that the court deny the requested writ sua sponte.
 PATRICIA DAVIDSON MAGISTRATE