DAVIS, APPELLANT, *v.* WILSON, WARDEN, APPELLEE, ET AL.

[Cite as *Davis v. Wilson,* 100 Ohio St.3d 269, 2003-Ohio-5898.]

(No. 2003–1127—Submitted October 20, 2003—Decided November 19, 2003.)

**Per Curiam.**

{¶ 1} In December 1993, the Youngstown Police Department issued a warrant for the arrest of appellant, Edward A. Davis, on a felony assault charge. In the same month, the Ohio Adult Parole Authority ("APA") issued a separate warrant for Davis's arrest for a parole violation. In June 1996, Davis was arrested in Las Vegas, Nevada, on the APA warrant and was informed of the Youngstown warrant. Davis waived extradition and was returned to Ohio.

{¶ 2} In 1996, the Mahoning County Grand Jury indicted Davis on a charge of felonious assault with specifications. In April 1998, after numerous continuances requested by Davis, the common pleas court convicted Davis of felonious assault with firearm and prior-conviction specifications and sentenced him to an aggregate prison term of 15 to 18 years.

{¶ 3} In March 2003, Davis filed a petition in the Court of Appeals for Trumbull County for a writ of habeas corpus, naming as respondents appellee, Trumbull Correctional Institution Warden Julius C. Wilson, and Mahoning County Prosecuting Attorney Paul Gains. Davis sought an order vacating his conviction and dismissing his indictment with prejudice. He claimed that his sentencing court lacked jurisdiction because he was not brought to trial within the 120–day period specified in Article IV(c) of the Interstate Agreement on Detainers ("IAD"), as enacted in Ohio in R.C. 2963.30. See, also, Article V(c) of the IAD. Davis further contended that his trial counsel had rendered ineffective assistance of counsel by not raising the IAD issue.

{¶ 4} The respondents moved to dismiss the petition, and in May 2003, the court of appeals granted their motions and dismissed Davis's petition.

{¶ 5} In his appeal as of right, Davis asserts that the court of appeals erred in dismissing his petition. Davis claims that he is entitled to the writ because the

state failed to try him under the speedy-trial requirement of the IAD. He also claims that Gains was not entitled to dismissal because Gains did not properly serve his motion on him. For the reasons that follow, Davis's claims lack merit.

{¶ 6} First, the IAD is inapplicable to Davis, who was not serving a term of imprisonment in Nevada when a detainer was lodged against him. The IAD is a compact among 48 states, the District of Columbia, and the federal government, which "enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges." *Reed v. Farley* (1994), 512 U.S. 339, 341, 114 S.Ct. 2291, 129 L.Ed.2d 277.

{¶ 7} As the court of appeals correctly concluded, Davis's IAD claim is meritless. " '[T]he Interstate Agreement on Detainers does not apply to a person who is imprisoned awaiting disposition of pending charges and who has not been sentenced to a term of imprisonment.' " *United States v. Muhammad* (C.A.6, 1991), 948 F.2d 1449, 1453, quoting *United States v. Roberts* (C.A.6, 1977), 548 F.2d 665, 671; Article IV(a) of the IAD ("The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer *and who is serving a term of imprisonment in any party State* made available * * *" [emphasis added] ). See, generally, Annotation, Validity, Construction, and Application of Interstate Agreement on Detainers (1980), 98 A.L.R. 3d 160, 185–187, Section 5[d]. Davis was not serving a term of imprisonment in Nevada for any conviction when the Ohio detainer was issued.

{¶ 8} Second, the continuances granted upon Davis's requests tolled the running of the 120–day period in Article IV(c). *State v. Wells* (1994), 94 Ohio App.3d 48, 59, 640 N.E.2d 217.

{¶ 9} Third, Davis's claim that his trial counsel was ineffective is not cognizable in habeas corpus. *Brown v. Leonard* (1999), 86 Ohio St.3d 593, 716 N.E.2d 183.

{¶ 10} Fourth, as to Davis's appeal against Gains, Davis's notice of appeal did not refer to Gains in any way, and its proof of service did not claim service on Gains. In any event, despite Davis's assertions to the contrary, the record establishes that appellee Gains properly served his motion to dismiss on him.

{¶ 11} Finally, the court of appeals correctly held that Gains was not a proper respondent for the habeas corpus petition. See, e.g., *Tate v. Bernard* (Nov. 21, 2001), Trumbull App. No. 2001–T–0087, 2001 WL 1497206 ("the writ will lie only against the individual who is directly responsible for keeping the petitioner in custody"); *Jackson v. State* (Apr. 19, 2002), Cuyahoga App. No. 81007, 2002 WL 737495 (dismissal of petition for writ of habeas corpus appropriate when petitioner named the state rather than the sheriff—his custodian—as the respondent); cf. *State ex rel. Bruggeman v. Auglaize Cty. Court of Common Pleas* (1999), 87 Ohio St.3d 257, 258, 719 N.E.2d 543 (affirmed dismissal of habeas corpus petition

in child-custody dispute because, among other reasons, petitioner did not name his former wife, who had custody of the child, as a respondent in his petition).

{¶ 12} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Edward A. Davis, pro se.

Jim Petro, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for appellee.