SPEARS, APPELLANT, v. DEWEESE, JUDGE, ET AL., APPELLEES.

[Cite as *Spears v. DeWeese,* 102 Ohio St.3d 202, 2004-Ohio-2364.]

(No. 2003–2232—Submitted April 27, 2004—Decided May 26, 2004.)

---

**Per Curiam.**

{¶ 1} On November 5, 2002, appellee Judge James DeWeese of the Richland County Court of Common Pleas sentenced appellant, Gregory Spears, to five years in prison for rape.

{¶ 2} On December 5, 2003, Spears filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his immediate release from prison. Spears named appellees, Judge DeWeese and Richland Correctional Institution Warden Julius Wilson, as respondents. Spears claimed that he was entitled to the writ because Judge DeWeese failed to comply with the requirements of R.C. 2701.06 [1] and consequently lacked jurisdiction to convict and sentence him.

---

1. {¶ a} R.C. 2701.06 provides that a court of appeals or common pleas court judge receiving a governor's commission must take the required oath and transmit a certificate of the oath to the

{¶ 3} On December 22, 2003, the court of appeals sua sponte dismissed the petition.

{¶ 4} We affirm the judgment of the court of appeals. First, a trial court judge's failure to comply with R.C. 2701.06 is not cognizable in habeas corpus; the proper respondent is the individual who is directly responsible for keeping the petitioner in custody, i.e., Warden Wilson. See, e.g., *Davis v. Wilson,* 100 Ohio St.3d 269, 2003-Ohio-5898, 798 N.E.2d 379, ¶ 11; cf. *Potts v. Rose,* 100 Ohio St.3d 119, 2003-Ohio-5102, 796 N.E.2d 935.

{¶ 5} Moreover, any noncompliance by Judge DeWeese with R.C. 2701.06 did not invalidate Spears's criminal proceedings. See *Potts v. DeWeese* (Jan. 23, 2002), Richland App. No. 01CA66, 2002 WL 106320, appeal not accepted, 95 Ohio St.3d 1438, 2002-Ohio-2084, 766 N.E.2d 1003; cf. *State ex rel. Ragozine v. Shaker,* 96 Ohio St.3d 201, 2002-Ohio-3992, 772 N.E.2d 1192, ¶ 13, quoting *State ex rel. Jones v. Farrar* (1946), 146 Ohio St. 467, 32 O.O. 542, 66 N.E.2d 531, paragraph three of the syllabus (" 'As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure' ").

{¶ 6} Based on the foregoing, the court of appeals did not err by dismissing Spears's habeas corpus petition. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

————————

Gregory Spears, pro se.

————————

clerk of the common pleas court in the county in which the judge resides, or the office will be considered vacant:

{¶ b} "Each commission issued by the governor to a judge of the court of appeals or a judge of the court of common pleas shall be transmitted by the secretary of state to the clerk of the court of common pleas of the county in which such judge resides. Such clerk shall receive the commission and forthwith transmit it to the person entitled thereto. Within twenty days after he has received such commission, such person shall take the oath required by Section 7 of Article XV, Ohio Constitution and sections 3.22 and 3.23 of the Revised Code, and transmit a certificate thereof to such clerk, signed by the officer administering such oath.

{¶ c} *"If such certificate is not transmitted to the clerk within twenty days, the person entitled to receive such commission is deemed to have refused to accept the office, and such office shall be considered vacant.* The clerk shall forthwith certify the fact to the governor who shall fill the vacancy." (Emphasis added.)

James J. Mayer Jr., Richland County Prosecuting Attorney, and John Randolph Spon Jr., Chief Appellate Counsel, for appellee Judge DeWeese.

Jim Petro, Attorney General, and Mark J. Zemba, Assistant Attorney General, for appellee Wilson.