JOHNSON, APPELLANT, *v.* BOBBY, WARDEN, APPELLEE.

[Cite as *Johnson v. Bobby,* 103 Ohio St.3d 96, 2004-Ohio-4438.]

(No. 2004–0550—Submitted July 20, 2004—Decided September 8, 2004.)

**Per Curiam.**

{¶ 1} In January 1999, the Mahoning County Court of Common Pleas convicted appellant, Leroy Johnson Jr., of two counts of aggravated murder, one count of aggravated burglary, and one firearm specification. The common pleas court sentenced Johnson to consecutive life terms in prison without the possibility of parole for his aggravated-murder convictions, 10 years in prison for the aggravated-burglary conviction, to be served consecutively to the other convictions, and three years for the firearm specification. On appeal, the court of appeals affirmed. *State v. Johnson* (Nov. 6, 2001), Mahoning App. No. 99 C.A. 49, 2001 WL 1468865, motion for delayed appeal denied, 96 Ohio St.3d 1486, 2002-Ohio-4478, 774 N.E.2d 762.

{¶ 2} On December 15, 2003, Johnson filed a petition in the Court of Appeals for Trumbull County for a writ of habeas corpus to compel appellee, Trumbull Correctional Institution Warden David Bobby, to terminate Johnson's imprisonment. Johnson claimed that he was entitled to the writ because of sentencing errors, ineffective assistance of counsel, violation of his right to a speedy trial, error in overruling his suppression motion, the municipal court's failure to give him a timely preliminary hearing after he was arrested, and the unconstitutional denial of his petition for postconviction relief. Johnson did not attach any commitment papers to his petition. Bobby moved to dismiss Johnson's petition.

{¶ 3} On March 8, 2004, the court of appeals sua sponte dismissed the petition.

{¶ 4} The court of appeals properly dismissed the petition.

{¶ 5} As the court of appeals held, Johnson's claims are not cognizable in habeas corpus. See *Cammon v. Brigano*, 101 Ohio St.3d 133, 2004-Ohio-316, 802 N.E.2d 656, ¶ 4 (sentencing errors); *Davis v. Wilson*, 100 Ohio St.3d 269, 2003-Ohio-5898, 798 N.E.2d 379, ¶ 9 (ineffective assistance of trial counsel); *Elersic v. Wilson*, 101 Ohio St.3d 417, 2004-Ohio-1501, 805 N.E.2d 1127, ¶ 3 (speedy trial); *In re Turpin* (1960), 171 Ohio St. 17, 12 O.O.2d 9, 167 N.E.2d 349 (suppression of evidence); *Harris v. Bagley*, 97 Ohio St.3d 98, 2002-Ohio-5369, 776 N.E.2d 490 (defect in municipal court's assumption of jurisdiction raised after conviction and sentence on a subsequent indictment). Johnson also had an adequate remedy by appeal to challenge the claimed denial of his petition for postconviction relief.

{¶ 6} Moreover, Johnson's petition was fatally defective and subject to dismissal because he failed to comply with the commitment-paper requirement of R.C. 2725.04(D). *State ex rel. McCuller v. Callahan*, 98 Ohio St.3d 307, 2003-Ohio-858,

784 N.E.2d 108, ¶ 4. Johnson did not attach any commitment papers to his petition.

{¶ 7} Therefore, because Johnson's claims are not cognizable in habeas corpus and his petition is fatally defective, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.