[Cite as *Burns v. Delaware Cty.*, 2011-Ohio-5642.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| KEVIN D. BURNS, | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Julie A. Edwards, J. |
| Petitioner, | : | Hon. Patricia A. Delaney, J. |
| | : | |
| v. | : | |
| | : | Case No. 2011CAD060060 |
| STATE OF OHIO | : | |
| DELAWARE COUNTY, | : | |
| | : | O P I N I O N |
| Respondent. | | |

CHARACTER OF PROCEEDING:      Writ of Habeas Corpus

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      October 31, 2011

APPEARANCES:

For Petitioner                               For Respondent

KEVIN D. BURNS  PRO SE             CAROL HAMILTON O'BRIEN
Delaware County Jail                    Prosecuting Attorney
844 US RT. 42                              140 N. Sandusky St., 3rd Fl.
Delaware, OH 43015                  Delaware, OH 43015

*Gwin, P.J.*

{¶ 1} Petitioner, Kevin D. Burns, has filed a petition for Writ of Habeas Corpus alleging unlawful detention based upon his contention that Union County, has failed to act on its probation holder within a reasonable amount of time. We find it unnecessary to address the claims raised because Petitioner has failed to comply with the procedural requirements for a habeas petition.

{¶ 2} A review of the complaint reveals Petitioner has failed to attach the necessary commitment papers in compliance with R.C. 2725.04(D).

{¶ 3} The Supreme Court has held failure to comply with this requirement is a fatal defect which cannot be cured, "[C]ommitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss v. Rogers*, 65 Ohio St. 3d 145, 602 N.E.2d 602. See also, *Boyd v. Money*, 82 Ohio St.3d 388, wherein the Supreme Court held, "Habeas corpus petitioner's failure to attach pertinent commitment papers to his petition rendered petition fatally defective, and petitioner's subsequent attachment of commitment papers to his post-judgment motion did not cure the defect." R.C. § 2725.04(D).

{¶ 4} We find failure to include all pertinent entries has made a complete understanding of the Petition impossible.

{¶ 5}   Further, R.C. 2725.04 requires that petitions for habeas corpus be verified. The instant petition does not contain an affidavit of verity.  The Supreme Court of Ohio has consistently upheld the dismissal of habeas corpus petitions which are not verified. *Hughley v. Saunders* (2009)*,* 123 Ohio St.3d 90, 2009-Ohio-4089, 914 N.E.2d 370.

{¶ 6}   Finally, Petitioner has named "the State of Ohio, Delaware County" as the Respondent which is improper.  The proper Respondent is the person who is directly responsible for keeping the petitioner in custody.  *Davis v. Wilson* (2003), 100 Ohio St.3d 269, 270, 798 N.E.2d 379, 380.

{¶ 7}   For these reasons, Petitioner's petition for writ of habeas corpus is dismissed.


By Gwin, P.J.,

Edwards, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY

WSG:clw 0906

[Cite as *Burns v. Delaware Cty.*, 2011-Ohio-5642.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

KEVIN D. BURNS,                          :
                                         :
                    Petitioner,          :
                                         :
                                         :
v.                                       :        JUDGMENT ENTRY
                                         :
STATE OF OHIO
DELAWARE COUNTY,                         :
                                         :
                                         :
                    Respondent.          :        CASE NO. 2011CAD060060


For the reasons stated in our accompanying Memorandum-Opinion, Petitioner's petition for writ of habeas corpus is dismissed.


_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY