[Cite as *Gephart v. Miller*, 2013-Ohio-3988.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT C. GEPHART | ) | CASE NO. 12 BE 30 |
| | ) | |
| PETITIONER | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| MICHELLE MILLER, WARDEN | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Habeas Corpus

JUDGMENT:     Dismissed.

APPEARANCES:

For Petitioner:

Robert C. Gephart, Pro se
#A611-193
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio  43950

For Respondent:

Atty. Mike DeWine
Attorney General of Ohio
Atty. Maura O'Neill Jaite
Senior Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  September 13, 2013

PER CURIAM.

{¶1} Petitioner Robert C. Gephart seeks a writ of habeas corpus for immediate release from imprisonment at the Belmont Correctional Institution in St. Clairsville, Belmont County, Ohio. He asserts that his conviction was obtained through a faulty indictment. He contends that his trial counsel was ineffective. Part of the petition is devoted to statute of limitations defenses. Finally, he argues that his guilty plea was not made knowingly and voluntarily. Respondent Michele Miller, Warden of the Belmont Correctional Institution, has filed a motion to dismiss.

{¶2} Petitioner's claims fail for a number of reasons. First, he failed to pay the required filing fees or to alternatively properly file a fee waiver request. Second, he failed to attach the required commitment papers. Third, he did not attach an affidavit of prior civil actions filed by him within the past five years. All of these are mandatory requirements when petitioning for habeas relief, and the omission of any one is grounds for dismissal. We must add that Petitioner's claims are not cognizable in a habeas corpus action because there were other adequate legal alternatives available to pursue those claims. Accordingly, we hereby grant Respondent's motion and dismiss this petition with prejudice pursuant to Civ.R. 12(B)(6).

### Background

{¶3} On June 20, 2011, Petitioner was sentenced in Clermont County Court of Common Pleas Case No. 2010 CR 732 to ten and one-half years in prison after pleading guilty to seven counts of gross sexual imposition. He will apparently have

served his sentence by 2018.  Respondent is the warden at the Belmont Correctional Institution and currently maintains custody over Petitioner.

{¶4}   Petitioner did not file a timely appeal of his conviction and sentence. He later filed a motion for leave to file a delayed appeal on February 1, 2012.  The Twelfth District Court of Appeals dismissed the motion for delayed appeal on March 26, 2012.  Petitioner then filed a motion for delayed appeal with the Ohio Supreme Court, which was also denied.

{¶5}   On May 14, 2012, Petitioner filed a motion with the trial court to withdraw his guilty plea.  The motion was denied on July 10, 2012.

{¶6}   Petitioner filed the instant petition for writ of habeas corpus on August 1, 2012.  Respondent filed its motion to dismiss on September 1, 2012.  Petitioner filed a further memorandum on November 15, 2012.

### Procedural Errors

{¶7}   Respondent argues that the petition must be dismissed for failure to meet the statutory filing requirements of a proper petition for writ of habeas corpus. R.C. 2725.01, *et seq.*, governs habeas filings, and failure to satisfy these statutory requirements is generally fatal to the petition.  One of the requirements is that the petitioner must file all pertinent commitment papers relevant to the arguments being raised in the petition.  R.C. 2725.04(D).  The commitment papers are necessary for a complete understanding of the petition.  *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).  Failure to file the necessary commitment papers requires dismissal of the petition.  *Id.*

**{¶8}** When an inmate initiates any civil action against a government employee or entity, R.C. 2969.25(A) requires an affidavit of the inmate's prior civil actions to be filed at the same time. R.C. 2969.25(A) applies to habeas filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶6-9. Belated attempts to file this affidavit cannot correct noncompliance with the statute. *Id.* at ¶9. Failure to timely file the required affidavit of prior civil actions mandates dismissal of the petition. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999).

**{¶9}** R.C. 2969.25(C) requires an inmate seeking waiver of the filing fees to file an affidavit of indigency. Along with that affidavit, the inmate must also file a certified statement of the inmate's account balance for the previous six months, and a statement of all cash and items of value owned by the inmate. "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶5. Failure to file any one of these documents at the time of the initial filing of the petition results in dismissal of the petition. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶1. Although we have previously held that this error may be corrected after the initial filing of the petition, the subsequent *Hazel v. Knab* decision of the Ohio Supreme Court has clarified that the error cannot be corrected after the initial filing and is fatal to the petition. *See Thomas v. Eberlin*, 7th Dist. No. 08 BE 14, 2008-Ohio-4663, ¶11.

**{¶10}** Petitioner has violated all of these statutory provisions. Petitioner failed to file any commitment papers with his petition. Petitioner failed to file an affidavit of prior civil actions. Petitioner failed to file his inmate account statement. For any one of these three reasons, the petition must be dismissed.

## Substantive Arguments

**{¶11}** Respondent requests that the petition also be dismissed under Civ.R. 12(B)(6). A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained therein are true, that the petitioner can prove no facts which would warrant the relief sought. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989). To withstand a motion to dismiss, a complaint must contain, with sufficient particularity, a statement of the clear legal duty of the respondent to perform the act requested. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Ed.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *Id.* In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994).

**{¶12}** If the petition does not meet the requirements of a properly filed petition for writ of habeas corpus, or fails to state a facially viable claim, it may be dismissed

on motion of the respondent or *sua sponte* by the court. *Flora v. State*, 7th Dist. No. 04 BE 51, 2005-Ohio-2382, ¶5.

**{¶13}** R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or postconviction relief. *In re Pianowski*, 7th Dist. No. 03 MA 16, 2003-Ohio-3881, ¶3; *see also, State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994). If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992). "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal." *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶10.

**{¶14}** Habeas corpus relief is only available when there is no other adequate legal remedy available. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186, 652 N.E.2d 746, 748 (1995). Habeas relief is also not a substitute for direct appeal or other forms of legal postconviction relief. *Cornell v. Schotten*, 69 Ohio St.3d 466, 633 N.E.2d 1111 (1994).

**{¶15}** The burden is on the petitioner to establish an immediate right to release. *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963).

**{¶16}** In the instant case, Petitioner alleges that he is being unlawfully detained because: (1) his indictment was deficient; (2) his legal counsel was ineffective; (3) he was not prosecuted within the criminal statute of limitations; and (4) his guilty pleas were not knowingly and voluntarily entered. None of these issues are appropriately raised in habeas proceedings. "Habeas corpus is not available to challenge either the validity or sufficiency of an indictment." *State ex rel. Simpson v. Lazaroff*, 75 Ohio St.3d 571, 571, 664 N.E.2d 937 (1996). "[Petitioner's] claim that his trial counsel was ineffective is not cognizable in habeas corpus." *Davis v. Wilson*, 100 Ohio St.3d 269, 2003-Ohio-5898, 798 N.E.2d 379, ¶9. A statute of limitations violation does not divest a court of its jurisdiction and is not cognizable in habeas corpus. *Daniel v. State*, 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891 at ¶7. "[T]he validity of a guilty plea cannot be contested in a habeas corpus action because that issue does not relate to the jurisdiction of a trial court to hear the matter." *State ex rel. Fitzpatrick v. Trumbull Correctional Inst. Warden*, 11th Dist. No. 2003-T-0080, 2003-Ohio-5005, ¶10.

**{¶17}** Petitioner has raised no arguments that are cognizable in a habeas action. The arguments raised do not challenge the jurisdiction of the court. The proper forum for all of Petitioner's current claims was through direct appeal, post-trial

motions, or postconviction relief proceedings. Therefore, we sustain Respondent's motion to dismiss.

## Conclusion

**{¶18}** We hereby dismiss the petition for writ of habeas corpus with prejudice. Petitioner committed a number of filing errors that mandate dismissal of the petition. He failed to file the pertinent commitment papers; failed to file an affidavit of prior civil actions; and failed to file his inmate account statement with his affidavit of indigency. In addition, Petitioner's claims are not cognizable in habeas corpus, as he had other adequate forms of legal relief available that preclude granting extraordinary relief in habeas.

**{¶19}** For all the aforementioned reasons, we dismiss the petition for habeas corpus.

**{¶20}** Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.