THE STATE EX REL. MOWEN, APPELLANT, *v.* MOWEN ET AL., APPELLEES.

[Cite as *State ex rel. Mowen v. Mowen,* 119 Ohio St.3d 462, 2008-Ohio-4759.]

(No. 2008–0505—Submitted September 17, 2008—Decided September 24, 2008.)

———————

Per Curiam.

{¶ 1} This is an appeal from a judgment denying a petition for a writ of habeas corpus to compel the return of a minor child to the custody of his mother. Because the mother has an adequate remedy in the ordinary course of law in the proceedings on remand to raise her claims, we affirm the denial of the writ.

## Texas Divorce Decree

{¶ 2} Appellant, Barbara Mowen, and appellee, Michael Mowen, are the parents of J.M., who was born in 1994. In 2003, a Texas court entered a final decree of divorce for the parties and granted custody of the child to Barbara. At the time that the court issued the decree, the parties had moved to Ohio.

## Involuntary Hospitalization and Treatment for Mental Illness

{¶ 3} In April 2005, the Clermont County Court of Common Pleas, Probate Division, ordered that Barbara be involuntarily hospitalized because it found probable cause that she was a mentally ill person subject to hospitalization by court order. Barbara was released from hospitalization on May 9, 2005, but the probate court ordered that she must continue treatment as an outpatient in what the court described as "community probate."

## Dependency Case

{¶ 4} On the day that Barbara was released from involuntary hospitalization and placed in community probate, intervening appellee, Clermont County Department of Job and Family Services, filed a complaint in the Clermont County Court of Common Pleas, Juvenile Division, alleging that Barbara's son, J.M., was a dependent child. The juvenile court granted temporary custody of J.M. to the department.

{¶ 5} Following adjudicatory and dispositional hearings, the juvenile court found J.M. to be a dependent child and awarded custody of the child to Michael.

## Appeal in Dependency Case

{¶ 6} Barbara appealed the juvenile court's judgment. While the appeal was pending, the probate court terminated Barbara's community probate.

{¶ 7} The Court of Appeals for Clermont County subsequently reversed the judgment of the juvenile court and remanded the case to the juvenile court to conduct a new hearing with the exclusion of evidence that had previously been admitted improperly. *In re J.M.*, Clermont App. No. CA2006–11–096, 2007-Ohio-4219, 2007 WL 2350125. In its opinion, the court of appeals rejected Barbara's contention that the expiration of the temporary custody order divested the juvenile court of jurisdiction over the dependency case. Id. at ¶ 28–35.

## Habeas Corpus Case

{¶ 8} Two months after the court of appeals had remanded the case to the juvenile court, Barbara filed a petition in the court of appeals for a writ of habeas corpus to compel Michael to release custody of their son to her. Michael and the department filed responses to the petition.

{¶ 9} The court of appeals denied the petition, and the case is now before the court upon Barbara's appeal as of right.

## Habeas Corpus Claim

{¶ 10} Barbara asserts that the court of appeals erred in denying the writ because her son is not in the custody of another pursuant to any court order and because the appellate court's remand instructions are impossible to implement. Barbara's assertions lack merit.

{¶ 11} "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. "This principle applies equally to child custody actions, where habeas corpus relief is the exception rather than the general rule." *Rammage v. Saros*, 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 9.

{¶ 12} A limited exception to this general rule permits habeas corpus petitions to raise jurisdictional claims, but this exception applies only when there is a patent and unambiguous lack of jurisdiction. *Ross v. Saros*, 99 Ohio St.3d 412, 2003-Ohio-4128, 792 N.E.2d 1126, ¶ 13–14. In the absence of a patent and unambiguous lack of jurisdiction, the juvenile court has jurisdiction to determine the custody issue in the remand proceedings, and Barbara has an adequate remedy in those proceedings and on appeal from any potentially adverse judgment. Id. at ¶ 14; *Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 8.

{¶ 13} Barbara claims that the expiration of the juvenile court's R.C. 2151.353(F) temporary custody order, coupled with her release from community probate, divested the juvenile court of jurisdiction in the dependency case.

{¶ 14} As we have held, however, "[t]he passing of the statutory time period ('sunset date') pursuant to R.C. 2151.353(F) does not divest juvenile courts of jurisdiction to enter dispositional orders." *In re Young Children* (1996), 76 Ohio St.3d 632, 669 N.E.2d 1140, syllabus. That is, "when the sunset date has passed without a filing pursuant to R.C. 2151.415 and the problems that led to the original grant of temporary custody have not been resolved or sufficiently mitigated, courts have the discretion to make a dispositional order in the best interests of the child." Id. at 638, 669 N.E.2d 1140; *Holloway v. Clermont Cty. Dept. of Human Servs.* (1997), 80 Ohio St.3d 128, 131, 684 N.E.2d 1217.

{¶ 15} Therefore, the mere passage of the statutory time period for the temporary court order does not divest the juvenile court of jurisdiction over the dependency case on remand. And it remains unclear whether the problems that led to the initial order—Barbara's mental illness—have been sufficiently resolved or mitigated so as to determine that custody of her son is in the child's best interest. The juvenile court is best equipped to determine that issue.

{¶ 16} Moreover, notwithstanding Barbara's contentions, it is possible for the juvenile court to implement the appellate court's remand order. As the court of appeals concluded, "[i]f a dependency finding is again made * * *, the juvenile court will have the opportunity to assess the effect of subsequent events during the dispositional phase." The juvenile court would presumably have evidence before it that is not presently before either the court of appeals or this court to make its determination. And if the juvenile court fails to promptly comply with the court of appeals' order, Barbara could file a contempt motion in that court.

{¶ 17} Finally, insofar as Barbara has already raised this claim in her appeal of the juvenile court's dependency determination and custody award, res judicata bars her from using habeas corpus to obtain a successive appellate review of the same issue. See *Haynes v. Voorhies,* 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 6. The fact that Barbara has already unsuccessfully invoked an alternate remedy by raising this claim in her previous appeal does not entitle her to the requested extraordinary relief. *State ex rel. Sneed v. Anderson,* 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084, ¶ 9.

{¶ 18} Based on the foregoing, the court of appeals properly denied the writ. We affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

———

Thomas F. Payne and James J. Condit, for appellant.

Stephan D. Madden and William F. Oswall Jr., for appellee, Michael Mowen.

Donald W. White, Clermont County Prosecuting Attorney, and David H. Hoffmann, Assistant Prosecuting Attorney, for intervening appellee, Clermont County Department of Job and Family Services.

———

1. We also deny appellant's request for oral argument. The parties' briefs are sufficient for a resolution of this case. See *Rosen v. Celebrezze,* 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 11.