THE STATE EX REL. R.W., APPELLANT, *v.* SWEENEY, JUDGE, APPELLEE.

THE STATE EX REL. R.W., APPELLANT, *v.* SWEENEY, JUDGE, ET AL.,

APPELLEES.

[Cite as *State ex rel. R.W. v. Sweeney*, 124 Ohio St.3d 414, 2010-Ohio-223.]

*Appeal from judgment denying writs of prohibition and mandamus — Appeal from judgment denying writ of habeas corpus — Prohibition and mandamus are not appropriate remedies for release from physical confinement — Adequate remedy at law available — Judgments affirmed.*

(Nos. 2009-1624 and 2009-1626 — Submitted January 26, 2010 — Decided February 2, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 93414 and 93415.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying writs of prohibition and mandamus to compel appellee, Cuyahoga County Juvenile Court Judge Kristen W. Sweeney, to release appellant, juvenile delinquent R.W., from home detention and to terminate any future dispositional hearings. We also affirm the judgment of the court of appeals denying a writ of habeas corpus to compel appellees, Judge Sweeney, the juvenile court administrator, and the detention-services supervisor, to release R.W. from home detention.

{¶ 2} Prohibition and mandamus are not the appropriate remedies for release from physical confinement. See, e.g., *State ex rel. Key v. Spicer* (2001), 91 Ohio St.3d 469, 746 N.E.2d 1119; *State ex rel. Elko v. Suster*, 110 Ohio St.3d 212, 2006-Ohio-4248, 852 N.E.2d 731, ¶ 4.

{¶ 3} Furthermore, Judge Sweeney did not patently and unambiguously lack jurisdiction over R.W. when he served three days in secure detention after he

admitted to committing three misdemeanors, because the time served in detention was not manifestly a final dispositional sentence. See Juv.R. 7. As the court of appeals observed, the order failed to make any reference to a final disposition, and a subsequent order more than a year later referred to a disposition of the case. R.W. thus had an adequate remedy in the ordinary course of law from the subsequent dispositional order to raise his jurisdictional claim. He is not entitled to a writ of habeas corpus to compel his release from home detention. See *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6 ("Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law"); *State ex rel. Mowen v. Mowen*, 119 Ohio St.3d 462, 2008-Ohio-4759, 895 N.E.2d 163, ¶ 12 (in the absence of a patent and unambiguous lack of jurisdiction on the part of the juvenile court, habeas corpus petitioner had an adequate remedy at law by appeal from any potentially adverse judgment to raise jurisdictional claim).[1]

Judgments affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellees.

_____

1. We deny appellant's renewed motion to supplement the record. See *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16.