[Cite as *In re the Matter of T.A.H.*, 2015-Ohio-3997.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| IN THE MATTER OF: T.A.H. | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 15CA21 |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Civil appeal from the Richland County Court
                                of Common Pleas, Juvenile Division, Case
                                No. 2012-DEP-00156

JUDGMENT:                       Dismissed

DATE OF JUDGMENT ENTRY:         September 25, 2015

APPEARANCES:

For Father                      For RCCS

JAMES L. BLUNT, II.             EDITH A. GILLILAND
3954 Industrial Parkway Drive   RCCS
Shelby, OH 44875                731 Scholl Road
                                Mansfield, OH 44907

For Appellee                    For Child
JEFFREY STIFFLER                M. LORE WHITNEY

                                GUARDIAN AD LITEM
                                DALE M. MUSILLI

*Gwin, P.J.*

{¶1}    Appellant Richland County Children Services Board ["RCCSB"] appeals from the March 11, 2015 decision of the Richland County Court of Common Pleas, Juvenile Division Court's decision denying its motion to modify temporary custody of child T.A.H. to permanent custody and ordering that temporary custody continue.

*Facts and Procedural History*

{¶2}    The minor child, T.A.H. came into agency custody via emergency shelter care on November 9, 2012, one week after her premature birth on November 2, 2012.

{¶3}    On December 20, 2012, both parents appeared in court and admitted to facts and circumstances resulting in the child being adjudicated a dependent child. The Magistrate filed her decision on disposition on March 19, 2013, finding that the child could not be placed with either parent, even with a protective supervision order and granted temporary custody to RCCSB.

{¶4}    The permanent custody trial was heard over four days of trial. At the conclusion of trial, the trial court made the following observations.

{¶5}    The child has been out of the parents' custody and care for essentially the entire life of the child. Notwithstanding said extended out-of-home placement into a foster-to-adopt home, the child's parents regularly exercised their parenting time/visitation with the child to the extent that the case plan and any amendments thereto permitted. Originally the parenting time/visitation consisted of three two-hour visits per week, two at the RCCSB agency premises and one in the Flout home, all supervised by authorized agency adults. Currently, the parenting time/visitation consists

of two five-hour visits each week, both times at the [parents] home, supervised formally or informally.

{¶6} Throughout the more than two years of the child's out-of-home placement the child's parents continued to make progress on their case plans, while the child's health continued to improve. RCCSB expressly recognized these gains of the parents by twice expressly affirming the same in its request for extensions of the temporary custody orders; and by extending parenting time opportunities, albeit under supervised visitation.

{¶7} The child's health has progressively improved over the pendency of this case. Over time, the parents have also demonstrated increased progress in their skills and abilities to adequately care for the child.

{¶8} After hearing the evidence, the trial court found that RCCSB had failed to establish, by clear and convincing evidence, that it was in the best interest of the minor child that permanent custody be granted. In addition, the Court also indicated that if it would grant RCCB's motion, it would violate the parent's Due Process rights. The trial court found,

> This "risk of erroneous deprivation" of the [parents']' constitutionally-protected interest arises, under the unique facts of this case, by reason of RCCSB wanting the Court to terminate the [parents'] parental rights at the end of the two-year period specified under O.R.C. 2151.415, instead of affording the [parents] additional time within which to demonstrate that they have sufficient means, skill, ability, and commitment to care for their child. Again; through no fault of their own, in following RCCSB's case plan

the [parents] were simply not afforded sufficient time and opportunity to determine if they could reach a threshold of responsible and appropriate care as to permit the child to return home, In light of the enormous "risk of erroneous deprivation" of the constitutionally-protected interest herein, occasioned by the limitations of the case plan and Ohio law as applied to the unique facts of this case, fundamental fairness demands that the [parents] be afforded additional time, services, and opportunity to demonstrate their parental fitness to care for their child.

{¶9}     The trial court found the element of "12/22" months has been stipulated by the parties and meets the legal requirements of R.C. 2151 A14 (B)(1)(d).

{¶10}  The trial court found RCCSB failed to prove the R.C. 2151.414(E)(1) factor by clear and convincing evidence as a reason not to return the child home.

{¶11}  The trial court found RCCSB failed to prove the R.C. 2151.414(E)(4) factor by clear and convincing evidence as a reason not to return the child home.

{¶12}  The trial court found that each parent demonstrated adequate parental commitment to the child "when able to do so." The court further noted,

The child's health has progressively improved over the past twenty-seven months. Over this same period of time the [parents] have also demonstrated increased progress in their skills and abilities to adequately care for the child, However, notwithstanding the improved health of the child and the improved child-caring skills/abilities of the parents, the [parents] have been prevented by the case plan from having the opportunity to demonstrate their child-caring skills and abilities over more

frequent and longer periods of time, and this, too, through no fault of these parents. It is this Court's concerted opinion that to terminate the parental rights of the [parents] at this time, under the unique facts of this case, would deny them of a fair and reasonable opportunity to ameliorate the conditions which led to the child's removal and continued out-of-home placement and, as such, would constitute a violation of the due process clause of the Fourteenth Amendment of the U.S. Constitution and Article 1, Section 16 of the Ohio Constitution.

Notwithstanding the Court's finding above, the limitations of the case plan as noted above do not ipso facto translate into a failure of RCCSB to have met the "reasonable efforts" requirement of O.R.C. §2151.419. The Court is simply opining that, under the unique facts of this case, the two-year limitation of O.R.C. §2151.415(D)(4) has not afforded the [parents] sufficient time within which to demonstrate their capability to care for their improving child; that to grant termination of parental rights at this time would fail to meet the fairness threshold of the due process clause of the Fourteenth Amendment.

*Assignments of Error*

{¶13}  RCCSB raises four assignments of error,

{¶14}  "I. THE TRIAL COURT'S RULING CONTINUING TEMPORARY CUSTODY WITH THE AGENCY WAS THE RESULT OF A MISAPPLICATION OF THE STATUTORY FACTORS REQUIRED TO BE EXAMINED IN RC. 2151.414

RESULTING IN A RULING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION.

{¶15} "II. THE TRIAL COURT'S CONCLUSION FINDING REASONABLE EFFORTS WERE MADE, YET HOLDING THOSE EFFORTS AND THE CASE PLAN VIOLATED PARENT'S CONSTITUTIONAL DUE PROCESS RIGHTS IS MISPLACED, CONTRADICTORY AND NOT SUPPORTED BY RELEVANT AUTHORITY; THUS RESULTING IN AN ABUSE OF DISCRETION.

{¶16} "III. THE TRIAL COURT'S FAILURE TO ISSUE A LEGALLY PERMISSIBLE DISPOSITIONAL ORDER AT THE CONCLUSION OF THE STATUTORY "SUNSET" TIME LIMIT RESULTS IN TERMINATION OF TEMPORARY CUSTODY BY OPERATION OF LAW AND CONSTITUTES AN ABUSE OF DISCRETION.

{¶17} "IV. TRIAL COURT'S FAILURE TO PERMIT THE MAGISTRATE WHO HANDLED CASE TO HEAR THE PERMANENT CUSTODY TRIAL, WHEN MAGISTRATE WAS AVAILABLE WITHIN THE WEEK WAS ERROR PURSUANT TO JUV. R. 34(B)(1) AND R.C. 2151.35(13)(2)(A)."

### A. Jurisdiction of Court of Appeals

{¶18} Before reaching the merits of the appeal, we must address the threshold issue of whether the judgment appealed is a final, appealable order. Appellees[1] have raised an issue that the appeal herein is premature. We agree.

{¶19} Even if a party does not raise the issue, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White vs.*

---

[1] Father has filed a motion to dismiss; mother raises the issue in her brief on the merits.

*Cuyahoga Metro. Hous. Aut.,* 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. Thus, we shall first consider whether this court has jurisdiction over appellant's appeal.

{¶20} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *General Acc. Ins. Co. vs. Insurance of North America*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266(1989); *Harris v. Conrad,* 12th Dist. Warren No. CA-2001-12 108, 2002-Ohio-3885. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ. R. 54(B). *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999); *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App.3d 301, 2002-Ohio-4398, 777 N.E.2d 282(9th Dist.). If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶21} In *In re Adams*, 115 Ohio St.3d 86, 2007–Ohio–4840, 873 N.E.2d 886, a trial court denied a children-services agency's motion to modify an order granting it temporary custody to an order of permanent custody. The agency then appealed and the appellate court dismissed the agency's appeal of the denial for lack of a final, appealable order. The Ohio Supreme court affirmed. The Ohio Supreme Court held that a children services agency did not have a substantial right in the permanent custody of children based on the fact that the agency had temporary custody of children. The Ohio Supreme Court further held, in relevant part, as follows: "A trial court order denying the motion of a children-services agency to modify temporary custody to permanent custody and continuing temporary custody is not a final, appealable order under R.C.

2505.02(B)(1) or (2)." Id. at ¶ 35. The court in such case noted, "The continuation of the agency's temporary custody does not determine the outcome of the action for neglect and dependency. Instead, all parties remain subject to further court order during the temporary-custody phase. A juvenile court has several ultimate dispositional options pursuant to R.C. 2151.415(A), and ordering the continuation of temporary custody does not preclude the juvenile court from exercising any of these options." Id. *Accord, Richland Cty. Children Services Board v. Adam,* 5th Dist. Richland No. 2011CA0071, 2012-Ohio-2596.

{¶22} RCCSB further argues that the trial court's extension of temporary custody beyond the limitations of R.C. 2151.415(D)(4) renders the juvenile court's denial of its permanent custody motion a final appealable order. We disagree. *In re D.J.* 8th Dist. Cuyahoga No. 101180, 2014-Ohio-2778, ¶4.

{¶23} A parent "is not entitled to immediate custody of [the child] because of the sunset provision contained in R.C. 2151.353(F)." *Holloway v. Clermont County Dept. of Human Servs.,* 80 Ohio St.3d 128, 130, 684 N.E.2d 1217 (1997). The Supreme Court of Ohio has held that temporary custody is terminated upon the passing of this "sunset date" when no motion pursuant to R.C. 2151.415(A) is filed. *In re Young Children*, 76 Ohio St.3d 632, 637, 669 N.E.2d 1140 (1996). The passing of that date does not, however, divest the juvenile court of jurisdiction. Id. In such a case, the juvenile court must determine whether the problems that led to the original grant of temporary custody had been resolved or sufficiently mitigated as of the sunset date when the temporary custody order would have otherwise terminated. If these problems have been resolved or mitigated, the court should terminate the temporary custody order and release the

children to their mother. Id. at 639, 669 N.E.2d 1140. If not, and if it is in the best interest of the children to remain in such custody, the case may continue. *In re A.W.,* 4th Dist. No. 07CA14, 2008–Ohio–718, ¶ 8. *Accord, State ex rel. Mowen v. Mowen*, 119 Ohio St.3d 462, 2008-Ohio-4759, 895 N.E.2d 163, ¶¶ 14-15; *State ex rel. Tucker v. Grendell*, 11th Dist. Geauga No. 2012-G-3125, 2013-Ohio-539, ¶¶11-12; *In re J.W.*, 10th Dist. Franklin No. 07AP-791, 2008-Ohio-1423, ¶8; *In re M.B.,* 9th Dist. Summit No. 22103, 2004-Ohio-5686, ¶47; *In re N.B.,* 8th Dist. Cuyahoga No. 81392, 2003-Ohio-3656, ¶¶11-13; *In re McCallum*, 5th Dist. Tuscarawas No. 2006AP070042, 2007-Ohio-995, ¶12; *In re C.J.L.,* 4th Dist. Scioto No. 13CA3545, 2014-Ohio-1766, ¶22.

{¶24} In accordance with all of the foregoing, the order denying the motion of RCCSB to modify temporary custody to permanent custody and continuing temporary custody is not a final, appealable order under R.C. 2505.02(B)(1) or (2).

{¶25} Appeal dismissed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur