[Cite as *In re A.S.*, 2016-Ohio-81.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. Sheila G. Farmer, P. J.<br>Hon. John W. Wise, J. |
| A.S. | Hon. Patricia A. Delaney, J. |
| | Case No. 15 CA 28 |
| | O P I N I O N |


CHARACTER OF PROCEEDING:  Civil Appeal from the Court of
Common Pleas, Juvenile Division,
Case No. 2013 AB 241


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:  January 11, 2016


APPEARANCES:

For Appellee        For Appellant Mother

GREGG MARX       SHERRIE L. HUSTEAD
PROSECUTING ATTORNEY  1998 Refugee Street NE
BRITTANY J. KAROCKI   Millersport, Ohio  43046
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio  43130

*Wise, J.*

{¶1} Appellant Ashley Clarkson appeals the decision of the Fairfield County Court of Common Pleas, Juvenile Division, which, subsequent to a dependency determination,  granted a dispositional order of legal custody of her minor daughter, A.S., to a relative of the child. Appellee is Fairfield County Child Protective Services ("FCCPS"). The relevant facts leading to this appeal are as follows:

{¶2} Appellant is the mother of A.S. (born in 2006), A.S. (born in 2010) and D.S. (born in 2011). The present appeal centers on A.S., the oldest of the three children. Her biological father's identity is undetermined.

{¶3} FCCPS became involved with appellant and the children on a non-court basis in June 2013. However, on August 30, 2013, the agency filed a complaint in dependency under R.C. 2151.04(C), alleging concerns including appellant's failure to supervise the children, behaviors by an adult male residing in the household, failure by appellant to visit during a "safety plan" placement, and appellant's failure to follow through with medical care regarding one of the siblings, D.S. Appellant was at that time living with her mother, her boyfriend, her three children, and her three adopted siblings. The adopted siblings were also of concern to the agency based on prior sexual abuse issues.

{¶4} On November 26, 2013, the trial court found all three children to be dependent under the statute, and FCCPS was ordered to maintain temporary custody.

{¶5} On February 25, 2014, the agency filed a motion requesting that A.S., the oldest child, be placed in the legal custody of Heidi Hartrum, her aunt.

{¶6} The trial court issued a judgment entry regarding annual review on August 25, 2014.

{¶7} On November 21, 2014, appellant filed a motion requesting a return of custody to her.

{¶8} On December 18, 2014, an amended motion was filed by the agency requesting that A.S. be placed in the legal custody of Heidi Hartrum and Eddie Hartrum.

{¶9} On January 6, 2015, appellant filed a motion for an *in camera* interview with A.S. The trial court thereupon conducted same on January 9, 2015.

{¶10} On January 13, 2015, and January 27, 2015, following several continuances, a trial court magistrate conducted a hearing on the agency's legal custody motion regarding A.S., as well as other motions pertaining to her siblings.

{¶11} On February 26, 2015, the magistrate recommended via a twenty-page decision that temporary custody by the agency of A.S. and her two siblings be terminated. The magistrate further recommended *inter alia* an order of legal custody of A.S. to Heidi Hartrum and Eddie Hartrum.

{¶12} On March 11, 2015, appellant filed an objection to the magistrate's decision.

{¶13} On May 12, 2015, the trial court, following a non-oral hearing, issued a judgment entry overruling the objections and adopting the magistrate's decision.

{¶14} Appellant filed a notice of appeal on May 29, 2015. She herein raises the following four Assignments of Error:

{¶15} "I. THE MOTHER CONTENDS THAT THE TRIAL COURT ERRED IN AWARDING LEGAL CUSTODY OF HER CHILDREN TO THREE SEPARATE CAREGIVERS BASED UPON THE MOTHER RESOLVING OR SUBSTANTIALLY MITIGATING THE PROBLEMS THAT LED TO THE NECESSITY FOR THE

TEMPORARY CUSTODY. THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶16}** "II. THE COURT ERRED BY NOT FIRST DETERMINING THAT THE MOTHER WAS UNSUITABLE TO PARENT HER CHILDREN.

**{¶17}** "III. THE AWARDING OF LEGAL CUSTODY TO THREE SEPARATE CAREGIVERS IS NOT IN THE CHILDREN'S BEST INTEREST AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.

**{¶18}** "IV. THE MOTHER CONTENDS THE TRIAL COURT ERRED IN ITS RELIANCE ON THE REPORTS OF THE GUARDIAN AD LITEM FOR [THE OLDER A.S.] AND A.S. BASED UPON HER NOT FULFILLING THE REQUIREMENTS OF A GUARDIAN AD LITEM AS OUTLINED IN THE SUPREME COURT RULES OF SUPERINTENDENCE FOR COURTS OF OHIO, RULE 48(D)."

I.

**{¶19}** In her First Assignment of Error, appellant challenges the trial court's award of legal custody of A.S. to the Hartrums, asserting that she has "resolv[ed] or substantially mitigat[ed]" the problems leading to agency intervention.

**{¶20}** Appellant first directs us to the following factor for consideration under R.C. 2151.414(E)(1):

**{¶21}** "Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the

home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. ***."

**{¶22}** Appellant further points us to *In re C.J.L.*, 4th Dist. Scioto No. 13CA3545, 2014-Ohio-1766, for the proposition that where the original problems have been resolved or sufficiently mitigated, a trial court may not make further dispositional orders based upon the original complaint. *Id.* at ¶ 22, citing *In re Young Children,* 76 Ohio St.3d 632, 638, 669 N.E.2d 1140 (1996).

**{¶23}** However, our reading of the relevant statutory sections reveals the General Assembly put the R.C. 2151.414(E) factors in place for purposes of *permanent custody* hearings held pursuant to R.C. 2151.414(A) and R.C. 2151.353(A)(4). As such, consideration of subsection (E)(1), *supra*, is outside the scope of the present R.C. 2151.353(A)(3) legal custody issues. Furthermore, both *C.J.L.* and *Young Children* were written in the context of trial court jurisdiction following the expiration of the "sunset date" under R.C. 2151.353(F), which does not impact the case *sub judice*.

**{¶24}** Accordingly, appellant's First Assignment of Error is overruled.

II.

**{¶25}** In her Second Assignment of Error, appellant contends the trial court erred in not finding her unsuitable prior to making its decision to change legal custody. We disagree.

**{¶26}** This Court has recognized that once a child has been adjudicated dependent, it is no longer necessary to find the parent unsuitable since this is already a determination via the dependency hearing; the focus must be on the best interest of the child. *See In re Burnette,* 5th Dist. Licking No.2007CA00076, 2007–Ohio–6269, ¶ 28,

citing *In re C.R.,* 108 Ohio St.3d 369, 843 N.E.2d 1188, 2006–Ohio–1191, ¶ 10–¶ 12 (additional citations omitted).

**{¶27}** In the case *sub judice*, all three children at issue were found to be dependent via judgment entry on November 26, 2013. As such, it is not incumbent herein to focus on the issue of parental unsuitability; we will instead analyze the issue of best interests, as set forth *infra*.

**{¶28}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶29}** In her Third Assignment of Error, appellant argues the trial court's award of legal custody of A.S. to the Hartrums was not in the child's best interest. We disagree.

**{¶30}** In considering the best interest issue, we first note that as an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911. A reviewing court must determine whether the finder of fact, in resolving conflicts in the evidence, clearly lost his or her way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *See Hunter v. Green,* 5th Dist. Coshocton No. 12–CA–2, 2012–Ohio–5801, 2012 WL 6094172, ¶ 25, citing *Eastley v. Volkman,* 132 Ohio St.3d 328, 972 N.E.2d 517, 2012–Ohio–2179. It is well-established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* 9th Dist. Summit No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St .2d 230, 227 N.E.2d 212.

**{¶31}** Despite the differences between a disposition of permanent custody and a disposition of legal custody, some Ohio courts have recognized that "the statutory best interest test designed for the permanent custody situation may provide some 'guidance' for trial courts making legal custody decisions." *In re A.F.,* 9th Dist. Summit No. 24317, 2009–Ohio–333, ¶ 7, citing *In re T.A.,* 9th Dist. Summit No. 22954, 2006–Ohio–4468, ¶ 17. The test would thus encompass a consideration of factors including, but not limited to: (1) the child's interaction with his or her parents, siblings, relatives, foster caregivers, and others, (2) the child's wishes, which may be expressed by the guardian ad litem, (3) the child's custodial history, and (4) the need for a legally secure permanent placement. *See* R.C. 2151.414(D)(1).

**{¶32}** In the case sub judice, it is undisputed that A.S. has been in agency custody since September 2013. In the Hartrum residence, she has her own room, appears to be comfortable, and is getting excellent grades in school. *See* Tr. at 202. Appellant first emphasizes, based on her own testimony, that A.S. "cries to me that she wants to come home." *See* Tr. at 515. However, this was contradicted by the testimony of Ms. Hartrum, who stated A.S. expressed to her that "she is afraid to go back with her mom" and that she is "afraid of the men in her mother's life." Tr. at 300. The ongoing agency caseworker, Heather Stoneburner, noted that A.S. expressed fear of appellant's former boyfriend. Tr. at 213. Furthermore, A.S. participated in an *in camera* interview with the magistrate prior to the hearing, and we may presume regularity in the court's ability to inform itself of the child's wishes.

**{¶33}** Regarding appellant's most recent activity on the case plan, the ongoing caseworker, Ms. Stoneburner, testified in part as follows:

**{¶34}** "I had asked that she attend counseling. She hasn't been able to do that. And I had asked for [appellant's boyfriend] Mark not to be around the children. She wasn't able to do that. She's maintained housing and employment. She did complete parent education and continues to visit and have a bond with the children. The concern regarding her ability to protect the children from unhealthy persons is still there."

**{¶35}** Tr. at 200.

**{¶36}** Appellant further emphasizes that all three children were allowed extended visitation time with appellant for a time, and Stoneburner indicated that on her unannounced checks on the children, they were doing well. *See* Tr. at 220-221. However, appellant concedes the agency stopped these visits because of an incident where appellant kept A.S., the middle sibling, overnight after the caregiver left to attend an activity. Appellant's Brief at 38. Appellant nonetheless maintains she is prepared and willing to give A.S. a secure home, despite the trial court's conclusion that the Hartrums are appropriate caregivers who are able to protect A.S., and the guardian ad litem's assessment that appellant continues to have difficulty prioritizing her children over her relationships. It appears undisputed that appellant has struggled with a dependent personality disorder impacting her parenting role.

**{¶37}** Appellant also abruptly adds an ancillary argument, not separately assigned as described in App.R. 16(A), that the trial court should have reviewed evidence that allegedly arose after the magistrate issued her decision. Upon review, we find no reversible error or abuse of discretion by the trial court in this regard.

**{¶38}** In analyzing the difficult decisions that must be made in these situations, we remain mindful that unlike in a permanent custody proceeding where a juvenile court's

standard of review is by clear and convincing evidence, the standard of review in legal custody proceedings is a preponderance of the evidence. *See In re A.C.,* 12th Dist. Butler No. CA2006–12–105, 2007–Ohio–3350 ¶ 14. In a similar vein, a juvenile court's disposition of legal custody to a relative or third party is different from permanent custody to an agency because, among other things, it leaves intact residual parental rights, privileges, and responsibilities. *In re: N.P.* 9th Dist. Summit No. 21707, 2004–Ohio–110, ¶ 23 (additional citations and internal quotations omitted). In this instance, upon review of the record and the findings of fact and conclusions of law therein, we find no basis to alter the decision of the trier of fact, and we conclude the grant of legal custody A.S. to the Hartrums was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.

**{¶39}** Accordingly, appellant's Third Assignment of Error is overruled.

IV.

**{¶40}** In her Fourth Assignment of Error, appellant argues the trial court erred in relying on the recommendations of the guardian ad litem, Attorney Alyssa Parrott, who appellant claims did not properly perform her duties under Sup.R. 48(D). We disagree.

**{¶41}** Rule 48(D) of the Ohio Rules of Superintendence is a lengthy statement of the basic responsibilities of a guardian ad litem serving in an Ohio court, which are to be performed "unless impracticable or inadvisable to do so." These responsibilities include representing the best interest of the child for whom the guardian is appointed, maintaining independence, objectivity, and fairness, acting as an officer of the court, participating in pertinent hearings, resolving any conflicts of interest that may arise, meeting qualifications and training requirements, making reasonable efforts to become informed about the case

and to contact the parties, maintaining necessary confidentiality, and numerous other considerations.

**{¶42}** We have recognized that Sup.R. 48 is a general guideline that does not have the force of statutory law, and therefore an appellant does not have any substantive right to enforce it. *Rice v. Rice,* 5th Dist. Delaware No. 10 CAF 11 0091, 2011–Ohio–3099, ¶ 40, citing *In re E.W.,* 4th Dist. Washington Nos. 10CA18, 10CA19, 10CA20. 2011–Ohio–2123, ¶ 15. In general, the Ohio Rules of Superintendence are "purely internal housekeeping rules which do not create substantive rights in individuals or procedural law." *Elson v. Plokhooy,* 3rd Dist. Shelby No. 17–10–24, 2011–Ohio–3009, ¶ 40.

**{¶43}** The record indicates that the GAL, Attorney Parrott, eventually resigned after a conflict developed, but only as to the case of D.S., not A.S. and A.S. On December 12, 2014, appellant filed a motion to continue the legal custody evidentiary hearing, setting forth a number of claimed failures by Parrott to carry out her responsibilities. The trial court denied appellant's motion to continue; however, appellant continues to assert that Parrott *inter alia* failed to make adequate contact with the children, neglected requisite visits to the caregivers' homes, and did not meet with appellant's witnesses or appellant's boyfriend outside of court.

**{¶44}** We emphasize that the trial court, as trier of fact, is permitted to assign weight to the guardian ad litem's testimony and recommendation and to consider it in the context of all the evidence before the court. *In re T.C.,* 6th Dist. Lucas No. L-15-1106, 2015-Ohio-3665, ¶ 23, citing *In re M.Z.,* 9th Dist. Lorain No. 11CA010104, 2012–Ohio–3194. The decision of whether to consider a guardian ad litem report, even when the

guardian did not fully comply with Sup.R. 48(D), is within a trial court's discretion. *See Corey v. Corey,* 2nd Dist. Greene No. 2013–CA–73, 2014–Ohio–3258, ¶ 9.

**{¶45}** Upon review of the record, we are unpersuaded that the trial court abused its discretion in utilizing the participation and reports of Attorney Parrott as the guardian ad litem in this matter.

**{¶46}** Appellant's Fourth Assignment of Error is therefore overruled.

**{¶47}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.

JWW/d 1223