[Cite as *In re L.B.*, 2025-Ohio-2202.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| L.B. (GIRL) | : | Hon. Andrew J. King, J. |
| L.B. (BOY) | : | Hon. Robert G. Montgomery, J. |
| | : | |
| | : | |
| | : | Case Nos. 2024CA00189 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County
Common Pleas Court, Family Court -
Juvenile Division, Case No.
2024JCV00736

JUDGMENT: Affirmed

DATE OF JUDGMENT: June 23, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant Tracey E.

JAMES B. PHILLIPS                         ROBERT G. ABNEY
STARK COUNTY DEPARTMENT OF                116 Cleveland Ave., NW
  JOB AND FAMILY SERVICES                 Suite 500
402 2nd Street, SE                        Canton, OH  44702
Canton, OH  44702
*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

**{¶1}** L.B. (girl) and L.B. (boy) are fraternal twins born on November 22, 2019, to Mother J.C. ("Mother") and Father L.B. ("Father"). Both children have special needs.

**{¶2}** L.B. (girl) has been diagnosed with developmental delay, prematurity, speech and language disorder, and disruptive behavior. She is also being tested for Autism. *Trial Transcript*, p. 37. L.B. (girl) receives speech and occupational therapy, sees a primary care provider, developmental pediatrics, and an ophthalmologist. *Id.*

**{¶3}** L.B. (boy) has been diagnosed with autism, prematurity, hypotonia, global developmental delay, gait abnormality, vision abnormality, speech disorder and language disorder. *Id.*, p. 36. L.B. (boy) receives speech, occupational and feeding therapy. He also sees a primary care provider, developmental pediatrics, neurology and podiatry. *Id.*

**{¶4}** Tracey E. ("Appellant") is the maternal grandmother of the children. Grandmother resides in New Jersey with her partner of twenty years; Thomas D. *Id.*, p. 255. Appellant completed a home study and was approved as a possible placement for the children. *Id.*, p. 274.

**{¶5}** Stark County Department of Job and Family Services ("SCDJFS") has had historical domestic violence concerns regarding this family since 2020 and worked with them on a non-court basis. In August 2022, SCDJFS filed a complaint in the trial court and L.B. was placed in the temporary custody of SCDJFS from August 2022 until November 2022. While the children were in the temporary custody of SCDJFS they were placed in the home of foster parents Colin W. ("C.W.") and Jessica W. ("J.W."). After the children returned to their mother in November 2022, Mother would often ask C.W. and J.W. to pick the children up from school, take them to doctor's appointments and provide

respite care for them. C.W. and J.W. would comply with these frequent requests. *Trial Transcript*, pp. 233, 234.

{¶6} On March 17, 2023, Mother failed to get the children off the bus and police were called. SCDJFS filed a complaint on the same day alleging neglect and dependency of the children. A shelter care hearing was held, and the children were placed into the emergency temporary custody of SCDJFS. SCDJFS placed them back into the home of C.W. and J.W.

{¶7} The trial court filed a Judgment Entry on June 14, 2023, finding the children to be dependent children. SCDJFS completed a case plan that was signed by Mother and adopted by the trial court on September 15, 2023. The case plan stated that the children did not have Indian heritage. *Case Plan*, p. 1. The trial court conducted review hearings every six months and the children remained in the temporary custody of SCDJFS and in the home of C.W. and J.W. SCDJFS filed a motion for permanent custody on July 23, 2024.

{¶8} C.W. and J.W. filed a Motion to Intervene and for Legal Custody on February 15, 2024.

{¶9} Appellant filed a Complaint for Legal Custody in case no. 2024JCV00736 on July 9, 2024.

{¶10} Mother filed a Motion to Change Legal Custody to Maternal Grandmother Tracey E., Appellant, on July 10, 2024.

{¶11} SCDJFS filed a Motion for Permanent Custody on July 23, 2024.

{¶12} The trial court held a hearing on October 24, 2024, and heard the Motion Requesting Permanent Custody, Motion for Legal Custody filed by C.W. and J.W,

Complaint for Legal Custody filed by Appellant and Motion for Change of Legal Custody filed by Mother.

**{¶13}** The trial court issued a Judgment Entry on November 5, 2024, denying the motions for legal custody, complaint for legal custody and granting SCDJFS's motion for permanent custody.

**{¶14}** Appellant filed a timely appeal and asserts three Assignments of Error:

**{¶15}** "I. THE TRIAL COURT ERRED IN DETERMINING THAT PERMANENT CUSTODY WAS IN THE BEST INTEREST OF THE MINOR CHILDREN."

**{¶16}** "II. THE TRIAL COURT ERRED IN RELYING ON LETTERS AND TESTIMONY OF NON-EXPERT SERVICE PROVIDERS."

**{¶17}** "III. THE TRIAL COURT ERRED BY FAILING TO DETERMINE CHILD HERITAGE PURSUANT TO THE INDIAN CHILD WELFARE ACT."

## ANALYSIS

**{¶18}** Appellant argues in her first assignment of error that the trial court erred in determining that permanent custody was in the children's best interest. We disagree.

**{¶19}** Appellant raises three concerns under this assignment of error. First, Appellant questions whether permanent custody was in the best interest of the children.

**{¶20}** The Ohio Supreme Court has held that before a trial court grants permanent custody of a minor to a state agency, "[t]he court must find by clear and convincing evidence (1) that one or more of the conditions in R.C. 2151.414(B)(1)(a) through (e) applies and (2) that a grant of permanent custody is in the child's best interest." *In re A.M.*, 2020-Ohio-5102, ¶ 18.

**{¶21}** In this appeal, Appellant has not challenged the juvenile court's determination that under R.C. 2151.414(B)(1)(a), "[t]he child cannot be placed with either parent within a reasonable time." *Judgment Entry*, p. 1. We are therefore concerned only

with the juvenile court's determination that a grant of permanent custody to the SCDJFS was in the children's best interest.

{¶22} "R.C. 2151.414(D)(1) requires that a juvenile court, in determining whether a grant of permanent custody is in the best interest of the child, 'consider' all relevant factors, including the five factors listed in R.C. 2151.414(D)(1)(a) through (e)." *In re A.M.*, ¶ 24.

{¶23} The R.C. 2151.414(D)(1) factors include:

(a)     The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b)     The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c)     The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period,   * * *;

(d)     The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e)     Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶24} Appellant cites in her brief that, "The only findings the trial court noted to support this Decision was '[t]he Wilsons have proven their ability to completely meet the children's needs and the Court also expressed a concern that it was contrary to the children's best interest to allow Mother the opportunity to file future motions." *Appellant Brief,* p. 19. This is not true.

{¶25} The Judgment Entry filed in the trial court on November 5, 2024, states, "The Findings of Fact and Conclusions of Law that were filed at the same time as this entry are hereby incorporated in this entry as if fully rewritten herein." *Judgment Entry*, p. 1. The Findings of Fact and Conclusions of Law filed on the same date as the trial court's Judgment Entry states, "In determining the best interests of the child at the permanent custody hearing the Court considered all relevant factors including, but not limited to the following in accordance with O.R.C. 2151.414 (D)(1):

The custodial history of the child;

The interaction and interrelationship of the child with parents, siblings, relatives, foster parents and out-of-home providers and any other person that may significantly affect the child;

The child's need for a legal secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency."

*Findings of Fact and Conclusions of Law*, p. 21.

{¶26} This Court finds that the trial court considered all relevant factors listed in R.C.2151.414(D)(1) and found clear and convincing evidence that granting permanent custody of the children to SCDJFS was in their best interest.

**{¶27}** Appellant's first assignment of error also asks the questions, "Whether it was in the children's best interest to convey custody to their biological grandmother" and "Whether custody being conveyed to the children's biological grandmother would have been the least restrictive custodial option." *Appellant Brief*, p. 25. Appellant's questions cite no statutes, case law, citations to authorities or parts of the record upon which Appellant makes these arguments.

**{¶28}** Appellate Rule 16(A)(7) states that an appellant's brief must contain, "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

**{¶29}** This Court has held that, "It is not the duty of an Ohio appellate court to create arguments for the parties and search the record for evidence to support them." *Washek v. Washek*, 2019-Ohio-1504, ¶ 21 (5th Dist.) citing *Sisson v. Ohio Department of Human Services,* 9th Dist. Medina No. 2949–M, 2000 WL 422396**.**

**{¶30}** The next issue Appellant argues in her first assignment of error is "Whether the court must find that the guardian ad litem has complied with Rule 48 of Superintendence prior to a permanent custody finding, including but not limited to, ascertaining the children's wishes." *Appellant Brief*, p. 27.

**{¶31}** The only case Appellant cites in her brief to support this argument is *In re Miller*, 2005-Ohio-856. This Court has reviewed *Miller* and finds that the decision fails to make any reference to Superintendence Rule 48 or a court's duty to find that a guardian ad litem has complied with said rule.

**{¶32}** This Court has held in *In the Matter of D.S.*, 2016-Ohio-79, ¶ 40 (5th Dist.), "In general, the Ohio Rules of Superintendence are 'purely internal housekeeping rules which do not create substantive rights in individuals or procedural law'."

**{¶33}** This Court finds that Appellant's assertion that a trial court must find the guardian ad litem complied with Superintendence Rule 48 prior to a permanent custody finding is unsupported by case law or statutes.

**{¶34}** Appellant's final argument in her first assignment of error argues that the SCDJFS failed to follow the Ohio Administrative Code regarding the removal of the children from their parents. Appellant cites Administrative Code Sections 5180:2-42-05 and 5180:2-42-05(F) as support for her argument. Appellant fails to cite any case law or statutory authority or provide cites to parts of the record upon which her argument relies as required by App.R.16(A)(7).

**{¶35}** This Court finds that Appellant's argument is without merit and her first assignment of error is overruled.

**{¶36}** Appellant contends in her second assignment of error that, "The trial court erred by relying on letters and testimony of non-expert service providers." *Appellant Brief*, p. 32. Appellant contends in her third assignment of error that, "The trial court erred by failing to determine child heritage pursuant to the Indian Child Welfare Act, 25 U.S.C. 1911." *Id.*, p. 33. These two assignments will be addressed together.

**{¶37}** Appellant has failed to cite any statute, case law or part of the record to support her arguments in her second and third assignments of error as required by App.R. 16(A)(7). As previously referenced in *Washek,* "It is not the duty of an Ohio Appellate

Court to create arguments for the parties and search the record for evidence to support them."

{¶38} Appellant's second and third assignments of error are overruled.

**CONCLUSION**

{¶39} Based on the foregoing, Appellant's first, second, and third assignments of error are overruled. The Judgment Entry filed in the Stark County Court of Common Pleas, Family Court – Juvenile Division, on November 5, 2024, is affirmed in all respects.

By: Montgomery, J. and

King, J. concur.

Hoffman, P.J., Concurs in Judgment Only.